IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ADAMS POINTE I, L.P., ADAMS POINTE II, L.P., BAYBERRY NORTH ASSOCIATES L.P., AND; BETTERS REAL ESTATE HOLDINGS, L.P., INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED; JBCO, ADAMS POINTE III, L.P., ADAMS POINTE NORTH CONDOMINIUM ASSOCIATION, L.P., ADAMS POINTE MASTER ASSOCIATION, L.P., COULTER & GRAHAM, LLP., MICHAEL AND KATHLEEN BICHLER, JOHN EVANS,<br><br>       Plaintiffs,<br><br>vs.<br><br>TRU-FLEX METAL HOSE CORP., TRU-FLEX, LLC, AND; AND PRO-FLEX LLC,<br><br>       Defendants, | 2:16-CV-00750-CRE |

## MEMORANDUM ORDER

AND NOW, this 27th day of October, 2017, it is HEREBY ORDERED that Defendants Tru-Flex Metal Hose Corp., and Tru-Flex, LLC's Motion to Strike Certain Allegations of Plaintiffs' First Amended Complaint [ECF No. 205] and Defendant Pro-Flex, LLC's Motion to Strike Improper Allegations from Plaintiffs' First Amended Complaint [ECF No. 211] are DENIED as the Defendants have not shown that the allegations that are the subject matter of the present motion are prejudicial to Defendants or that Defendants would suffer prejudice if the allegations are not stricken. *See Lifetouch National School Studios Inc. v. Roles*, 2016 WL 3440620, at *2 (W.D.Pa. 2016); *DiPietro v. Jefferson Bank*, 1993 WL 101356, at *1 (E.D.Pa. 1993) ("Motions to strike are generally not favored by the courts."). To the extent that Defendants

1

seek to strike certain allegations pertaining to subsequent remedial measures and hearsay from Plaintiffs' amended complaint under Federal Rules of Evidence 407 and 802, the court will consider the issue of admissibility of this information at a later and more appropriate stage of the litigation.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge